**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Eric Grant,

                   Plaintiff,

    v.

MGM Grand Casino,

                  Defendant.

Case No. 2:26-cv-01440-ART-BNW

**SCREENING ORDER**

Presently before this Court is pro se Plaintiff's complaint (ECF No. 1-1) and application to proceed in forma pauperis. ECF No. 1. This Court denied the application to proceed in forma pauperis at ECF No. 1 and ordered Plaintiff to file the long form application. ECF No. 3. Plaintiff filed the long form application to proceed in forma pauperis at ECF No. 4.

**I.     In forma pauperis application**

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed in forma pauperis (ECF No. 4) will be granted.

This Court now screens Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2).

**II.    Analysis**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Here, Plaintiff fails to state a claim upon which relief can be granted. From what this Court can discern, it appears Plaintiff's allegations describe fantastic and delusional scenarios. In essence, Plaintiff seeks to "abolish the government and to make myself the King of the state of Michigan, the United States, and the world." Moreover, for unknown reasons, he names MGM as a Defendant. Thus, Plaintiff fails to state a claim upon which relief can be granted. This Court, therefore, will dismiss Plaintiff's complaint without prejudice for Plaintiff to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must seek relief the court can actually grant. In addition, it must contain a short and plain statement describing the underlying case, the defendants' involvement in the case, and the approximate dates of their involvement. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give defendants fair notice of the Plaintiff's claims against them and Plaintiff's entitlement to relief.

The amended complaint also must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Regarding jurisdiction, Plaintiff is advised that "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of

citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## III.   Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed In Forma Pauperis (ECF No. 4) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed in forma pauperis does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

IT IS FURTHER ORDERED that Plaintiff shall have until July 13, 2026, to file an amended complaint. Failure to file an amended complaint will result in a recommendation that this case be dismissed.

DATED:  June 16, 2026

_____
Brenda Weksler
United States Magistrate Judge

3